IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marissa Janell Lhamon, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:18-cv-1376-TLW |
| | ) | |
| v. | ) | |
| | ) | |
| Nancy A. Berryhill, Acting Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Plaintiff Marissa Janell Lhamon brought this action pursuant to Section 205(g) and 1631(c)(3) of the Social Security Act to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security (Commissioner), denying her claims for Disability Insurance Benefits and Supplemental Security Income Benefits under Titles II and XVI of the Social Security Act. This matter is before the Court for review of the Report and Recommendation (Report) filed by United States Magistrate Judge Kevin McDonald (MJ), to whom this case was previously assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), (D.S.C). In the Report, the Magistrate Judge recommends affirming the Commissioner's decision. ECF No. 19. Plaintiff filed objections to the Report, to which the Commissioner replied. ECF Nos. 21, 23. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections…. The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report, the objections thereto, and all other relevant filings. In this case, Plaintiff injured her ankle in a workplace accident and has suffered ongoing pain and discomfort resulting from reflex sympathetic syndrome. The Court accepts the Report of the MJ which finds that the ALJ gave good reason for limiting Plaintiff to sedentary work with the limitation that she can walk for up to one hour per day. The ALJ supported his decision with the medical evidence of record, including the most recent medical examination which showed minimal edema, no erythema, some decreased range of motion, and reported discomfort, but successful ambulation without an assistive device.

In her objections, Plaintiff argues that the ALJ erred in considering and giving weight to the opinion of Dr. Ritz, a psychologist. The ALJ considered the opinion of Dr. Ritz to rate the severity of Plaintiff's mental impairment, ultimately determining that Plaintiff's medically determinable mental impairments cause no more than "mild limitation." (R. at p. 21). In making this determination, the ALJ conducted a thorough analysis guided by the four broad areas of mental functioning set out in the disability regulations for evaluating mental disorders at 20 CFR, Part 404, Subpart P, Appendix 1. (R. at p. 20). The Court accepts the Report of

the MJ which concludes that the ALJ appropriately considered the opinion of Dr. Ritz as required by the regulations.

After careful consideration, the Court finds that there is substantial evidence to support the ALJ's decision to deny benefits. As the MJ noted in his report, the ALJ performed a significant review of the record and outlined Plaintiff's medical conditions from the alleged onset date until the date of the decision. The role of this Court is to decide (1) whether the ALJ has supported his decision with substantial evidence, and (2) whether the conclusions reached by the Commissioner are legally correct. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990). The Court accepts the detailed analysis set forth in the Report of the MJ, which concludes that the ALJ's RFC assessment and determination that the Plaintiff could stand and walk for one hour a day are based upon substantial evidence and without legal error.

For these reasons and those stated in the Report, it is hereby **ORDERED** that the Report, ECF No. 19, is **ACCEPTED**, and Plaintiff's objections, ECF No. 21, are **OVERRULED**. For the reasons articulated by the Magistrate Judge, the Commissioner's decision is hereby **AFFIRMED**.

**IT IS SO ORDERED**.

 s/ Terry L. Wooten
TERRY L. WOOTEN
Senior United States District Judge

September 20, 2019
Columbia, South Carolina